RUUD MFG. CO. v. PITTSBURG WATER HEATER CO.

(District Court, S. D. New York.  November 11, 1912.)

1. PATENTS (§ 328*)—INFRINGEMENT—GAS BURNER.
    The Ruud patent, No. 761,409, for a gas burner, limited, as it must be, to avoid anticipation in the prior art, *held* not infringed.

2. PATENTS (§ 328*)—INVENTION—GAS BURNER.
    The Ruud patent, No. 875,218, for a gas burner, *held* void for lack of invention, in view of the prior art.

In Equity.  Suit by the Ruud Manufacturing Company against the Pittsburg Water Heater Company for infringement of the Ruud patents, Nos. 761,409 and 875,218, for gas burners.  On final hearing. Decree for defendant.

S. T. Cameron and Reeve Lewis, both of Washington, D. C., and C. A. L. Massie and Ralph L. Scott, both of New York City, for complainant.

J. Edgar Bull, of New York City, and Paul Synnestvedt and James C. Bradley, both of Pittsburg, Pa., for defendant.

MAYER, District Judge.  The burners of the patents in suit are not specifically limited in terms to burners for artificial gas; but the controversy has really to do with burners for consumption of artificial gas, and more particularly with such burners used in connection with automatic instantaneous water heaters.

At the end of the extended argument on final hearing I was of the impression (as may have been gathered by counsel) that the bill should be dismissed, and my study of the case since then has confirmed that impression.  It is necessary, therefore, merely to state briefly the conclusions arrived at.

[1] In view of Buerkle's patents, 637,849, 637,850, and 601,426, Gabel's patent, 652,177, and the Rose burner, all in the prior art, the Ruud patent, No. 761,409, cannot be sustained, unless limited to (1) the provision of a vertical discharge chamber, having a vertical gauze, in which the discharge is from one side only, as opposed to the Buerkle construction, in which the discharge from the discharge chamber is in all directions; and (2) in the provision of the discharge passage through the upper portion of the cap plate, the portion above the discharge opening being integral with the portion below such discharge opening, as opposed to the Buerkle structure, in which the top plate *6* lying above the side plate or shell *1* is separate and removable.

Construing the patent as thus limited, the defendant's burner, constructed agreeably with the Frampton patent, 908,236, does not infringe.  In the defendant's burner the discharge of the gas from the discharge chamber is in all directions, and the escape of the gas is between a removable cover plate and the side plate of the burners. This construction follows Buerkle, and not Ruud.  In the effort to minimize the importance of the Buerkle burner (637,849 and 637,-850), as an anticipation of the Ruud patents and as a limitation of the claims thereof, the complainant attempted to show that the Buerkle

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

burner was a failure. I am satisfied that it was not, but, on the contrary, was a success, and that the art had so narrowed that the only invention to be credited to Ruud is that indicated in the two features above mentioned.

[2] Patent No. 875,218. In my opinion this patent is invalid, in that it lacks invention over the prior Ruud, 761,409, and more especially in view of the Rose burner. The Rose burner discloses the idea of using teeth upon the cap plate for preventing back-firing, and the use of such teeth constitutes the only distinction of the Ruud patent, 875,218, over the prior Ruud patent, 761,409. In view of the state of the art, I think the latter patent required nothing more than the skill which would be expected of a capable mechanic or other person skilled in the art, and that the complainant's burner would be looked for as a natural result of the increased use of burners occasioned by the growth of the automatic instantaneous water heater art.

The bill is dismissed, with costs, and there may be a decree in accordance with this memorandum.